UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.

ANGELA ROBINSON,

    Plaintiff,

v.

SHRI MAHAKALI, LLC, a Florida limited
liability company d/b/a BROOK MOTEL;
SANTRAM 2430, LLC, a Florida limited
liability company d/b/a CAMP KNOX MOTEL;
KALPESHKUMAR C. PATEL, an individual
a/k/a KALPESH PATEL, and VIPUL NAYEE,
an individual,

    Defendants.
_____/

## COMPLAINT FOR DAMAGES AND JURY TRIAL DEMANDED

Plaintiff, ANGELA ROBINSON, ("ROBINSON"), by and through her undersigned attorney, files this, her Complaint for Damages against Defendants, SHRI MAHAKALI, LLC, a Florida limited liability company d/b/a BROOK MOTEL (hereinafter "BROOK"); SANTRAM 2430, LLC, a Florida limited liability company d/b/a CAMP KNOX MOTEL (hereinafter, "CAMP KNOX"); and, KALPESHKUMAR C. PATEL an individual a/k/a KALPESH PATEL (hereinafter "PATEL"); and, VIPUL NAYEE (hereinafter, "NAYEE") (collectively, "the Defendants"), and states as follows:

### INTRODUCTION

1. This is an action to recover unpaid overtime and minimum wage compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq,* (hereinafter "FLSA"); and, minimum wages under the Florida Minimum Wage Amendment, Article X, §24 of the Florida Constitution.

## JURISDICTION

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331. At all times pertinent to this Complaint, the Defendants, BROOK and CAMP KNOX were enterprises engaged in interstate commerce, respectively. At all times pertinent to this Complaint, BROOK and CAMP KNOX regularly owned and operated a business enterprise, respectively, engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

3. The Defendants operated two (2) motels, which operated as a single unified business enterprise. Plaintiff's work at these motels involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants' business, and moved in interstate commerce. These materials included office supplies, telephones, credit card processing equipment, tools, electronic equipment, paper, bedding supplies, cleaners, and other materials necessary for the operation of a motel—and, were manufactured outside the State of Florida.

4. During the relevant time period, each of the Defendants employed at least two other individuals besides the Plaintiff, who were "engaged in commerce or in the production of goods for commerce," or "had employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person," as defined in 29 U.S.C. §203(s)(1)(A)(i). These materials included office supplies, telephones, tools, cleaners, bedding supplies, computers, electronic equipment, paper, and other materials necessary for the operation of a motel—and, were manufactured outside the State of Florida.

5. Upon information and belief, during the period of the Plaintiff's employment, the Defendants' enterprise had an annual gross volume of sales made or business done of not less than five hundred thousand dollars in accordance with §203(s)(1)(A)(ii).

6. In addition to the foregoing, the Plaintiff is entitled to the protections of the FLSA as she was "individually covered" by that statute. During the Plaintiff's employment, she was required to use instrumentalities of interstate commerce on a regular and recurrent basis. The Plaintiff used instrumentalities of interstate commerce (telephone) on a regular and recurrent basis to, *inter alia,* assist in the operating of the Defendants' motel, particularly as to motel guests residing out-of-state. In addition, on a regular and recurrent basis, Plaintiff processed credit card payments for the Defendants using instrumentalities of interstate commerce to make calls and or connections (*via* telephone and/or broadband) to banks and credit card processors outside the State of Florida.

7. The Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Middle District of Florida.

8. The Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Middle of Florida.

## VENUE

9. The venue of this Court over this controversy is based upon the following:

   a. The unlawful employment practices alleged below occurred and/or were committed in the Middle District of Florida

      and,

   b. Defendants were and continue to be a corporation and individuals doing business within this judicial district.

**PARTIES**

10. At all times material hereto, Plaintiff, ROBINSON was a resident of Hillsborough County, Florida, and was an "employee" of the Defendants within the meaning of the FLSA.

11. At all times material hereto, the Defendants were conducting business in Hillsborough County, Florida.

12. At all times material hereto, Defendants were the employers of Plaintiff, ROBINSON.

13. At all times material hereto, Defendants were and continue to be "employer[s]" within the meaning of the FLSA, the Florida Minimum Wage Amendment (FMWA), Article X, §24 of the Florida Constitution.

14. At all times material hereto, Defendants failed to pay Plaintiff, ROBINSON wages in conformance with the FLSA.

15. Defendants committed a willful, malicious and unlawful violation of the FLSA and, therefore, are liable for monetary damages.

16. At all times material hereto, corporate Defendants, BROOK and CAMP KNOX were an "enterprise engaged in commerce" within the meaning of the FLSA.

17. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants.

18. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

**STATEMENT OF FACTS**

19. Commencing on or about August 28, 2018, Plaintiff, ROBINSON was hired by the Defendants to work at the Defendants' motels.  Her employment was terminated on or about December 11, 2019.

20. While employed, the Plaintiff operated Defendants' motel office, and engaged in housekeeping, maintenance, landscaping and customer service, among other things.

21. The Defendants' motels are frequently visited by out-of-state residents.  Because the Plaintiff frequently worked in the Defendants' office, and because Defendants would forward motel phone calls to the Plaintiff's personal cell phone, the Plaintiff frequently would speak to motel guests (or prospective guests) who were outside the State of Florida, regarding motel business.

22. The Defendants failed to keep records in full compliance with the FLSA's recordkeeping requirements.

23. Plaintiff, ROBINSON was generally paid $500.00 per month.

24. The Plaintiff generally worked about 7 days per week, and about 13.5 hours per day (about 94.5 hours per week).  Plaintiff would begin her daily shift early in the morning at approximately 7:00 a.m. and would work throughout the day/evening until about 7:00 p.m. but *also* worked additional hours (about 1.5 hours) in the late evening or in the middle of the night if motel guests needed assistance.

25. Because Plaintiff was only paid $500.00 per *month*, she was effectively paid about $115.38 per week ($500 per month x 12 months = $6000 / 52 weeks = $115.38) for about 94.5 hours per week.

26. The Plaintiff worked significant hours because she was involved in nearly every aspect of running the Defendants' motels, including but not limited to, working the front desk/office, handling reservations, checking guests in/out, housekeeping, maintenance, cleaning, landscaping, repairs, taking payments, processing credit card transactions, making/receiving telephone calls, assisting guests at all times of day and handling customer complaints.

27. The Plaintiff stayed in a room at the Defendants' motels so she could respond to motel guest issues at all times of day/night.

28. During Plaintiff, ROBINSON's employment, Defendants failed to pay the Plaintiff at or above the applicable minimum wage for her hours worked.

29. Even though, Plaintiff, ROBINSON worked in excess of forty hours per week, Defendants failed to pay her at the rate of time-and-one-half times the applicable minimum wage.

30. Defendants knowingly, willfully and maliciously operated their business with a policy of not paying minimum and overtime wages, respectively, for each and every hour worked by Plaintiff in conformance with the applicable law.

31. Defendant PATEL was a supervisor and manager/owner who was involved in the day-to-day operations of BROOK and CAMP KNOX and/or was directly responsible for the supervision of Plaintiff. Therefore, he is personally liable for the FLSA violations.

32. Defendant NAYEE was a supervisor and manager/owner who was involved in the day-to-day operations of BROOK and CAMP KNOX and/or was directly responsible for the supervision of Plaintiff. Therefore, he is personally liable for the FLSA violations.

33. Defendants, PATEL was directly involved in decisions affecting employee compensation and/or hours worked by Plaintiff.

34. Defendants, NAYEE was directly involved in decisions affecting employee compensation and/or hours worked by Plaintiff.

35. Plaintiff has retained Bober & Bober, P.A. to represent her in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM:

### COUNT I

### VIOLATION OF 29 U.S.C. § 206 (UNPAID MINIMUM WAGES)

36. Plaintiff realleges Paragraphs 1 through 35 of this Complaint as if fully set forth herein.

37. Plaintiff's employment with Defendants was to consist of a normal workweek for which she was to be compensated at or above the FLSA minimum wage.

38. 29 U.S.C. § 206 and requires that any employee covered by the FLSA be paid their minimum wages.

39. During Plaintiff's employment, Defendants paid her less than the statutory minimum wage for all of her work hours.

40. From about August 22, 2018 to December 31, 2018, the Plaintiff should have been paid at least the Minimum Wage of $8.25 per hour for each work hour. Because the Plaintiff was effectively paid $115.38 per week (as aforesaid) for about 94.5 hours per week, the Plaintiff was effectively paid only $1.22 per hour ($115.38 / 94.5 hours = $1.22). The Plaintiff was, therefore, "shorted" $7.03 per hour in Minimum Wages ($8.25 - $1.22 = $7.03). For 94.5 hours per week, the Plaintiff is owed $664.34 per week in 2018 ($7.03 x 94.5 hours = $664.34). Over about 18 weeks, the Plaintiff is owed $11,958.03 ($664.34 x 18 weeks = $11,958.03).

41. From about January 1, 2019 to December 11, 2019, the Plaintiff should have been paid at least the Minimum Wage of $8.46 per hour for each work hour. Because the Plaintiff was effectively paid $115.38 per week (as aforesaid) for about 94.5 hours per week, the Plaintiff was effectively paid only $1.22 per hour ($115.38 / 94.5 hours = $1.22). The Plaintiff was, therefore, "shorted" $7.24 per hour in Minimum Wages ($8.46 - $1.22 = $7.24). For 94.5 hours per week, the

Plaintiff is owed $684.18 per week in 2019 ($7.24 x 94.5 hours = $684.18). Over about 49 weeks in 2019, the Plaintiff is owed $33,524.82 ($684.18 x 49 weeks = $33,524.82).

42. Taking everything above together, during the time period of the Plaintiff's employment, Defendants failed to pay her minimum wages for a total of approximately 6,331.5 hours, and owes the Plaintiff $45,485.85 ($11,958.03 + $33,524.82 = $45,485.85).

43. The Defendants acted willfully and maliciously in failing to pay proper minimum wages to the Plaintiff.

44. As a direct and proximate result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

WHEREFORE, Plaintiff respectfully requests:

a. judgment in her favor for all unpaid minimum wages due for 2018 through 2019 as calculated above;

b. liquidated damages;

c. attorneys' fees and costs pursuant to the FLSA;

d. post-judgment interest; and

e. all other and further relief this Court deems to be just and proper.

## COUNT II

## VIOLATION OF ARTICLE X, § 24, FLORIDA CONSTITUTION

45. Plaintiff, ROBINSON realleges Paragraphs 1 through 35 as if fully stated herein.

46. Pursuant to Article X, Section 24 of the Florida Constitution, Defendants were required to pay Plaintiff at least the applicable Florida minimum wage.

47. During Plaintiff's employment, Defendants paid her less than the statutory minimum wage for all of her work hours (Plaintiff did not receive wages for her work).

48. From about August 22, 2018 to December 31, 2018, the Plaintiff should have been paid at least the Florida Minimum Wage of $8.25 per hour for each work hour. Because the Plaintiff was effectively paid $115.38 per week (as aforesaid) for about 94.5 hours per week, the Plaintiff was effectively paid only $1.22 per hour ($115.38 / 94.5 hours = $1.22). The Plaintiff was, therefore, "shorted" $7.03 per hour in Florida Minimum Wages ($8.25 - $1.22 = $7.03). For 94.5 hours per week, the Plaintiff is owed $664.34 per week in 2018 ($7.03 x 94.5 hours = $664.34). Over about 18 weeks, the Plaintiff is owed $11,958.03 ($664.34 x 18 weeks = $11,958.03).

49. From about January 1, 2019 to December 11, 2019, the Plaintiff should have been paid at least the Florida Minimum Wage of $8.46 per hour for each work hour. Because the Plaintiff was effectively paid $115.38 per week (as aforesaid) for about 94.5 hours per week, the Plaintiff was effectively paid only $1.22 per hour ($115.38 / 94.5 hours = $1.22). The Plaintiff was, therefore, "shorted" $7.24 per hour in Florida Minimum Wages ($8.46 - $1.22 = $7.24). For 94.5 hours per week, the Plaintiff is owed $684.18 per week in 20198 ($7.24 x 94.5 hours = $684.18). Over about 49 weeks in 2019, the Plaintiff is owed $33,524.82 ($684.18 x 49 weeks = $33,524.82).

50. Taking everything above together, during the time period of the Plaintiff's employment, Defendants failed to pay her minimum wages for a total of approximately 6,331.5 hours, and owes the Plaintiff $45,485.85 ($11,958.03 + $33,524.82 = $45,485.85).

51. The Defendants acted willfully and maliciously in paying Plaintiff below the minimum wage.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against the Defendants:

    a.    Declaring that Defendants violated Article X of the Florida Constitution, insofar as failing to pay Plaintiff at or above the minimum wage;

b. Awarding Plaintiff all back wages due and owing in the amount calculated above;

c. Awarding Plaintiff liquidated damages in the amount equal to her back wages;

d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to Article X, Sec. 24, Fla. Const.;

e. Awarding Plaintiff prejudgment and post-judgment interest;

f. Finding that Defendants willfully violated Article X Fla. Const., and ordering Defendants to pay a $1,000.00 fine to the State of Florida for *each* such violation;

g. declaratory relief pursuant to the Florida Constitution and Florida Statutes finding that employees, including Plaintiff, who worked for the Defendants within the last five years were not paid minimum wage for all hours worked as required; and

h. Awarding such other and further relief this Court deems to be just and proper.

## COUNT III

### VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

52. Plaintiff, ROBINSON realleges Paragraphs 1 through 35 as if fully stated herein.

53. Since Plaintiff's date of hire with Defendants, in addition to Plaintiff's normal regular work week, the Plaintiff worked additional hours in excess of forty (40) per week for which she was not compensated at the statutory rate of time and one-half.

54. Plaintiff was entitled to be paid at the rate of time and one-half for her hours worked in excess of the maximum hours provided for in the FLSA.

55. Defendants failed to pay Plaintiff overtime compensation in the lawful amount for hours worked by Plaintiff in excess of the maximum hours provided for in the FLSA.

56. As set forth above, the Plaintiff worked about 54.5 hours of overtime (hours in excess of 40) per week throughout her employment.

57. Excluding the minimum wages set forth above, for 2018, Plaintiff is owed an *additional* overtime premium (above and beyond the full minimum wage) of $4.13 per overtime hour.

58. Excluding the minimum wages set forth above, for 2019, Plaintiff, ROBINSON is owed an additional overtime premium (above and beyond the full minimum wage) of $4.23 per overtime hour.

59. In 2018, over about 18 weeks, ROBINSON is owed $4,051.53 in unpaid overtime ($4.13 x 981 overtime hours = $4,051.53).

60. In 2019, over about 49 weeks, ROBINSON is owed $11,296.22 in unpaid overtime ($4.23 x 2,670.5 overtime hours = $11,296.22).

61. *Excluding* amounts owed for minimum wages as set forth in this Complaint, altogether, ROBINSON is owed $15,347.75 in unpaid overtime wages.

62. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory rate of time and one-half for the hours worked in excess of forty (40) hours per week when it knew or should have known such was due. Defendants also failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

63. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

64. Due to the willful, malicious and unlawful acts of Defendants, Plaintiff has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages her reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against the Defendants:

a. Declaring that the Defendants have violated the maximum hour provisions of 29 U.S.C. § 207;

b. Awarding Plaintiff overtime compensation in the amount calculated ($15,347.75);

c. Awarding Plaintiff liquidated damages;

d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

e. Awarding Plaintiff post-judgment interest; and

f. Ordering any other and further relief this Court deems to be just.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

Date: January 22, 2020.

Respectfully submitted,

BOBER & BOBER, P.A.
Attorneys for Plaintiff
2699 Stirling Road
Suite A-304
Hollywood, FL 33312
Phone: (954) 922-2298
Fax: (954) 922-5455
peter@boberlaw.com
samara@boberlaw.com

By:  s/.  Peter Bober
PETER BOBER
FBN:  0122955
SAMARA ROBBINS BOBER
FBN: 0156248